DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| GLENCORE LTD.<br><br>                          Plaintiff,<br>     v.<br><br>SEVERIN A. DAVIS; ALPHONSUS A. DENIS; LINROY E. FORDE; MAYNARD LAZARE; GREGORY A. MATHURIN; EUGENE E. STEPHENSON; RAUL GONZALEZ; MALVINA JACKSON; AND ALEXANDER ST. ROSE.<br><br>                          Defendants. | CASE NO. _____<br><br>ACTION FOR DECLARATORY JUDGMENT |

**COMPLAINT**

Plaintiff Glencore Ltd. ("Glencore"), by and through its attorneys, as and for its Complaint against Defendants, hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Glencore seeks a declaratory judgment that it has no liability to any of the Defendants for any injuries allegedly caused by or arising out of Defendants' exposure to bauxite or bauxite dust during their employment at the Alumina Refinery in St. Croix, U.S. Virgin Islands (the "Alleged Injuries").

3. Glencore also seeks a declaratory judgment that any claims by any of the Defendants for any Alleged Injuries is barred by the two-year Statute of Limitations codified in V.I. Code Ann. Tit. 5, § 31(5)(A).

- 1 -

## THE PARTIES

4. Glencore Ltd. is a corporation organized under the laws of Switzerland, with its principal U.S. place of business at 330 Madison Avenue, New York, N.Y., 10017.

5. Upon information and belief, Defendant Severin A. Davis is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

6. Upon information and belief, Defendant Alphonsus A. Denis is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

7. Upon information and belief, Defendant Linroy E. Forde is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

8. Upon information and belief, Defendant Maynard Lazare is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

9. Upon information and belief, Defendant Gregory A. Mathurin is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

10. Upon information and belief, Defendant Eugene E. Stephenson is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

11. Upon information and belief, Defendant Raul Gonzalez is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

12. Upon information and belief, Defendant Malvina Jackson is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

13. Upon information and belief, Defendant Alexander St. Rose is a citizen and resident of St. Croix, U.S. Virgin Islands. Defendant claims to be a former employee at the Alumina Refinery.

## JURISDICTION AND VENUE

14. This litigation is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1332 based on diversity of the parties.

15. An actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2202, which is of sufficient immediacy and reality to warrant declaratory relief. Defendants have asserted that Glencore is liable for the Alleged Injuries. Glencore disputes that it has any liability to Defendants.

16. Venue is proper in this district under 28 U.S.C. § 1391(b), because, upon information and belief, the Defendants are each citizens and residents of this District, and because alleged acts that precipitated each of the Defendants' claims against Glencore occurred in this district.

17. This Court has personal jurisdiction over each of the Defendants because, upon information and belief, they each reside in this district, and because they each contend that the Alleged Injuries occurred at the Alumina Refinery, which is located in this district.

## FACTUAL ALLEGATIONS

18. Between 1989 and 1995, the Alumina Refinery was owned and operated by Virgin Islands Alumina Company ("VIALCO"). Between 1990 and 1995, Glencore supplied raw bauxite ore to VIALCO.

19. Glencore never owned or operated the Refinery and was not involved in its day-to-day operations.

20. The Defendants are all individuals who claim to have worked at the Alumina Refinery in St. Croix during various periods between 1989 and 1995:

   a) Severin A. Davis claims to have "worked at the Alumina Refinery from in [sic] the early 1990s" as a security officer (Davis Complaint, ¶ 7);

   b) Alphonsus A. Denis claims to have "worked at the Alumina Refinery intermittently in the mid-1990s" as a laborer (Denis Complaint, ¶ 7);

   c) Linroy E. Forde claims to have "worked at the Alumina Refinery from 1989 to 1995" in maintenance (Forde Complaint, ¶ 7);

   d) Maynard Lazare claims to have "worked at the Alumina Refinery from 1989-1992" as a machinist (Lazare Complaint, ¶ 7);

   e) Gregory A. Mathurin claims to have "worked at the Alumina Refinery from 1989-1992" in maintenance (Mathurin Complaint, ¶ 7);

   f) Eugene E. Stephenson claims to have "worked at the Alumina Refinery from the early 1990s to the mid-1990s" as a technician and instrument fitter (Stephenson Complaint, ¶ 7);

   g) Raul Gonzalez claims to have "worked at the Alumina Refinery from . . . 1989 to 1990 for Camino del Mar Inc." (Gonzalez Complaint, ¶ 8);

   h) Malvina Jackson claims to have "worked at the Alumina Refinery from . . . 1990 to 1995 for Virgin Islands Alumina Inc. (VIALCO)" as a personnel administrator (Jackson Complaint, ¶ 8); and

   i) Alexander St. Rose claims to have "worked at the Alumina Refinery from . . . 1990 to 1995 for [VIALCO]" (St. Rose Complaint, ¶ 8).

21. On August 3, 2020, each of the Defendants filed a complaint (each one a "Negligence Complaint"; collectively, the "Negligence Complaints") against Glencore, Hess Corporation and Hess Oil Virgin Islands Corp. in the Superior Court of the Virgin Islands, Division of St. Croix (the "Superior Court").[1]

---

[1] Three individuals—Malvina Jackson, Raul Gonzalez, and Alexander St. Rose—also included Lockheed Martin Corporation as a defendant.

- 4 -

22.     A representative example of a Negligence Complaint is attached hereto as Exhibit A, Davis Complaint. With respect to the allegations against Glencore, each of the other Negligence Complaints is essentially identical to Ex. A.

23.     The Negligence Complaints generally alleged, *inter alia*, that the Defendants suffered respiratory illness as a result of exposure to bauxite dust during their employment at the Alumina Refinery, and sought to hold Glencore liable in its capacity as the supplier of raw bauxite ore to the Alumina Refinery.

24.     Glencore was served with the Negligence Complaints on August 7, 2020.  On August 28, 2020, Hess Corporation removed the cases to this Court, and Glencore consented to removal on August 31, 2020.  On September 18, 2020, all of the Defendants filed notices of voluntary dismissal (without prejudice) of the Negligence Complaints.

25.     In their Negligence Complaints, each Defendant asserted that he or she was "exposed to bauxite ore dusts (and their constituents and waste products) . . . ." (*See, e.g.*, Ex. A, Davis Complaint ¶ 8)  Each further claimed to have been diagnosed with mixed-dust pneumoconiosis in either 2018 or 2019, and asserted that their "lung disease and injury [was] the direct and proximate results of [their] repeated unprotected exposures to various toxic substances during [their] work at the Alumina Refinery and Oil Refinery." (*See, e.g.*, Ex. A, Davis Complaint ¶ 11)

26.     The Negligence Complaints purported to allege five causes of action against Glencore based on the Restatement (Second) of Torts:

   a) First, under Section 388 (Chattel Known to be Dangerous for Intended Use), the Defendants claimed that Glencore should have warned the Defendants of the alleged potential dangers of the bauxite ore that Glencore supplied to the Alumina Refinery.

   b) Second, under Section 389 (Chattel Unlikely to be Made Safe for Use), Defendants claimed that Glencore knew or should have known that allegedly the bauxite ore was unlikely to be made reasonably safe.

c) Third, under Section 390 (Chattel for Use by Person Known to be Incompetent), the Negligence Complaints alleged that Glencore should have expected that the bauxite it supplied would have endangered Defendants because it should have known that the plant operator VIALCO was allegedly not competent.

d) Fourth, under Section 392 (Chattel Used to Supplier's Business Purpose), Defendants alleged that the Alumina Refinery allegedly served Glencore's business purpose during the years of VIALCO's ownership and operation, and that Glencore was required to but did not exercise reasonable care to make the bauxite safe for Defendants when performing such business purpose.

e) Fifth and last, under Section 324A (Negligent Undertaking), Defendants alleged that Glencore should have exercised reasonable care when undertaking to perform a duty allegedly owed to Defendants, but failed to do so.

27. As the supplier of bauxite to the Alumina Refinery, Glencore owed no duty of care to any of the Alumina Refinery's employees, including Defendants.

28. Rather, Glencore relied on VIALCO – a sophisticated, industrial purchaser with specialized expertise regarding the nature of the product it was purchasing – to convey any necessary warnings to its employees regarding the bauxite ore.

29. Glencore provided written warnings to VIALCO in the form of a Material Safety Data Sheet, and was also able to observe appropriate controls in place during its visits to the Alumina Refinery.  Glencore therefore knew that VIALCO was aware of the nature of bauxite, including any requisite precautions, and that VIALCO ran its business in a manner not only consistent with industry standards, but also with due consideration for employee safety. s

30. Defendants' claims are subject to the two-year Statute of Limitations codified at V.I. Code Ann. Tit. 5, § 31(5)(A).

31. Any alleged exposure claimed by Defendants occurred more than twenty years ago.

32. Accordingly, the two-year statute of limitations has long passed, and Defendants' claims are time-barred.

33. Nor can Defendants justify application of the discovery rule to toll the statute of limitations since, upon information and belief, Defendants were fully aware of their potential claims long before they filed the Negligence Complaints.

## **CLAIMS FOR RELIEF**

### **COUNT 1 (Declaratory Relief)**

34. Glencore repeats, reiterates and realleges each and every allegation of the paragraphs 1 through 33 as if fully set forth herein.

35. An actual, present and justiciable controversy has arisen between Glencore and Defendants regarding Glencore's alleged liability to Defendants as a result of its role as the supplier of bauxite to the Alumina Refinery.

36. As the supplier of bauxite to the Alumina Refinery, which was a sophisticated industrial purchaser, Glencore owed no duty of care to any of the Defendants.

37. Glencore is thus entitled to a declaratory judgment that it is not liable to the Defendants as a result of its role as the supplier of bauxite to the Alumina Refinery.

### **COUNT 2 (Declaratory Relief)**

38. Glencore repeats, reiterates and realleges each and every allegation of paragraphs 1 through 37 as if fully set forth herein.

39. An actual, present and justiciable controversy has arisen between Glencore and Defendants regarding the timeliness of the Defendants' claims against Glencore as a result of its role as the supplier of bauxite to the Alumina Refinery.

40. The Defendants' claims against Glencore are barred by the Statute of Limitations, V.I. Code Ann. Tit. 5, § 31(5)(A).

41. Glencore is thus entitled to a declaratory judgment that Defendants' alleged claims against Glencore are barred by the Statute of Limitations.

## PRAYER FOR RELIEF

**WHEREFORE**, Glencore respectfully requests that the Court:

a) Enter a declaratory judgment in accordance with the declaratory relief sought;

b) Enter such other further relief to which Glencore may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated: September 24, 2020

/s/ Richard H. Hunter
Richard H. Hunter, Esq.
V.I. Bar No. 332
HUNTER & COLE
1138 King Street, Ste. 3
Christiansted, St. Croix VI 00820
Phone: 340-773-3535
Fax: 340-778-8241
rhunter@huntercolevi.com

*Counsel for Glencore Ltd.*