# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **GLENCORE, LTD.,** | Case No. 1:20-cv-75 |
| *Plaintiff,* | Action for Declaratory Judgment |
| V. | |
| **SEVERIN A. DAVIS; ALPHONSUS A. DENIS; LINROY E. FORDE; MAYNARD LAZARE; GREGORY A. MATHURIN; EUGENE E. STEPHENSON; RAUL GONZALES; MALVINA JACKSON; AND ALEXANDER ST. ROSE,** | |
| *Defendants.* | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF GLENCORE LTD.'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Glencore's motion for leave should be denied. Asking for a sur-reply here is just an inappropriate attempt to get the last word.

The motion for leave should be denied as the Defendants did not make new arguments in their reply:

1. In the original motion, Defendants analyzed the "constitutional" subject matter jurisdiction in terms of *ripeness*. As Glencore responded in terms of *standing*, it was perfectly appropriate for Defendants to address Glencore's reconceptualization on reply. In any event, Glencore's objection is much ado about nothing. As Defendants explained on reply, the doctrines of *standing* and *ripeness* "are often indistinguishable" and "the ripeness inquiry merges almost completely with standing". Doc. 32, at n. 1 (citing caselaw).

2. Glencore objects that Defendants did not address Rule 41 in their motion to dismiss. That's very true, but Rule 41 was not germane to Defendants' analysis or request for relief. Indeed, it was Glencore that raised Rule 41 as an issue in arguing that the Defendants' notices of dismissal were evidence of improper motive. On reply, Defendants were perfectly entitled to

Defs' Opposition to Pl's MFL to File a Sur-Reply
*Glencore v Davis, et. al.*, Case No.: 1:20-cv-75

address the mistakes in Glencore's approach – and the consequences if it were adopted as law.

3. Defendants did not accuse Glencore of an ethical violation. But the opposition clearly did not address the vast contrary authority on Rule 41. . Defendants' highlighting this to the Court was not a new argument. Rather, it was the very essence of a reply as it critiqued the opposition's approach.

*****

WHEREFORE, Defendants pray the motion be denied. However, if the motion is granted permitting a sur-reply, Defendants request a similar courtesy, the ability to file a sur-response of equal length.

Defs' Opposition to Pl's MFL to File a Sur-Reply
*Glencore v Davis, et. al.*, Case No.: 1:20-cv-75

**Dated:** March 15, 2021

Respectfully submitted,

/s/Jacob Gower
Korey A. Nelson, Esq.
C. Jacob Gower, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
jgower@burnscharest.com

Warren T. Burns, Esq.
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 370, Christiansted
St. Croix, USVI 00821
Telephone: (340) 777-7283
Facsimile: (888) 889-1132
pate@sunlawvi.com
SunLawVI@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March 2021, a copy of the foregoing was served on all counsel of record via CM/ECF.

/s/ Jacob Gower
C. Jacob Gower, Esq.