# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| GLENCORE LTD.,<br>                      Plaintiff,<br>v.<br><br>SEVERIN A. DAVIS; ALPHONSUS A. DENIS; LINROY E. FORDE; MAYNARD LAZARE; GREGORY A. MATHURIN; EUGENE E. STEPHENSON; RAUL GONZALEZ; MALVINA JACKSON; AND ALEXANDER ST. ROSE,<br><br>                      Defendants. | CASE NO. 1:20-cv-00075<br><br>REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE SUR-REPLY |

## GLENCORE LTD.'S REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

Glencore Ltd. ("Glencore") respectfully submits this Reply in Further Support of its Motion for Leave to File a Sur-reply. (ECF No. 33.)

Defendants contend that the motion should be denied because they "did not make new arguments in their reply." (ECF No. 34 at p. 1.) That is not correct.

Defendants claim that, although they analyzed the case-and-controversy requirement of Article III in terms of ripeness, "Glencore responded in terms of standing." (ECF No. 34 at ¶ 1.) That is not true. Glencore's Opposition discussed only the ripeness inquiry of the case-and-controversy analysis, which is distinct from standing, and which has its own test. (ECF No. 31 at pp. 5–8.) *See Pic-A-State Pa. v. Reno*, 76 F.3d 1294, 1298 n.1 (3d Cir. 1996) ("The concepts of standing and ripeness require related but distinct inquiries.").[1] Glencore's Opposition does not

---

[1] In *Williams v. BASF Catalysts LLC*, 765 F.3d 306 (3d Cir. 2014), the declaratory-judgment plaintiffs were also the would-be tort-victim *plaintiffs*, who intended to reactivate long-dismissed tort cases and file new tort cases, all in the state court. The plaintiffs asked the U.S. district court to issue injunctive and declaratory relief enjoining any defendant in any of the reactivated or contemplated state court cases from asserting various defenses in those cases. The district court declined to do so, and the Court of Appeals affirmed, writing that the justiciability impediments "may be characterized as problems of *either* standing *or* ripeness." *Id.* at 328 (emphasis added). The Third Circuit did not need to reach standing, as it held that the claim was not ripe. *Id.*

- 1 -

mention the word "standing," nor does it analyze the three factors cited by Defendants for the first time in their Reply. (*See* ECF No. 31 at pp. 5–8.) Glencore should have an opportunity to respond to this new argument.

Second, Defendants admit that they "did not address Rule 41 in their motion to dismiss," but still contend that their argument on Reply regarding the application of Rule 41 is not a new argument. (ECF No. 34 at ¶ 2.) Contrary to Defendants' position, Glencore never raised an argument regarding the application of Rule 41, nor did it cite Rule 41 in its Opposition. Glencore also never "raised Rule 41 as an issue in arguing that the Defendants' notices of dismissal were evidence of improper motive." (*Id.*) The gravamen of Glencore's argument is not based on the dismissal, but on Defendants' refiling *after* the dismissal. Glencore would not have had any issue with the dismissal absent Defendants' later refiling, which is not governed by Rule 41. Defendants raised the application of Rule 41 for the first time in their Reply. Glencore should have an opportunity to respond to this new argument.

Third, Defendants state (ECF No. 34 at ¶ 3) that they "did not accuse Glencore of an ethical violation," thereby effectively withdrawing the accusation first raised in their Reply, in which they accused Glencore of trying to "mislead this Court[.]" (ECF No. 32 at p. 8.) They continue, however, to contend that Glencore "clearly did not address the vast contrary authority on Rule 41." (ECF No. 34 at ¶ 3.) As explained in Glencore's motion for leave, Glencore did not address this authority because Defendants did not raise a Rule 41 issue in their motion to dismiss, and Glencore did not raise such an issue in its Opposition. Glencore should have an opportunity to respond to this new argument.

Glencore's proposed Sur-reply consists of no more than six pages, addresses only these new arguments raised by Defendants on Reply, and raises no new arguments.

For these reasons, Glencore respectfully requests that its motion be granted.

Dated: March 22, 2021

/s/ Richard H. Hunter
Richard H. Hunter, Esq.
(V.I. Bar No. 332)
HUNTER & COLE
1138 King Street, Ste. 3
Christiansted, St. Croix VI 00820
Phone: 340-773-3535
Fax: 340-778-8241
rhunter@huntercolevi.com

*Counsel for Glencore Ltd.*