## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| Glencore, Ltd., | **Case No. 1:20-cv-00075** |
| *Plaintiff*, | **Action for Declaratory Judgment** |
| v. | |
| Severin A. Davis, Alphonsus A. Denis, Linroy E. Forde, Maynard Lazare, Gregory A. Mathurin, Eugene E. Stephenson, Raul Gonzalez, Malvina Jackson, and Alexander St. Rose, | |
| *Defendants*. | |

## DEFENDANTS' SUR-REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Defendants enjoyed an unequivocal right to dismiss their initial complaints, as permitted by Rule 41, and their motivations for doing so were of absolutely no consequence. *See* Reply [Doc. 32] at 3–4. Glencore does not contest that right. *See* Sur-Response [Doc. 44] at 5

As it must, Glencore attempts to distinguish Rule 41 on the basis that it's the *refiling* that's problematic – not the prior dismissal.[1] This distinction is a superficial one – driven not by some doctrinal necessity, but to make *motivation for dismissal* a relevant consideration.

If a Defendant refiles an action against Glencore in the Superior Court and joins a non-diverse defendant, and Glencore has a good faith basis to believe that non-diverse defendant is fraudulent joined, then Glencore may remove that refiled action if the dismissal of the non-diverse defendant would create complete diversity. *See* Reply at 9.[2] Whether Glencore is entitled to a federal forum will

---

[1] Never mind that when Glencore originally filed this action, none of the Defendants had filed a second action against Glencore.

[2] Glencore did just that when it removed the second-filed actions of *Gregory Mathurin*, 1:21-cv-176, and *Alphonsus Denis*, 1:21-cv-177.

be evaluated under the well-trod fraudulent joinder standard. A declaratory judgment is not necessary to vindicate any right of Glencore that cannot be otherwise addressed.

The problem is that the fraudulent joinder standard does not consider motive, and Glencore's approach does. *See* Sur-Response at 2 & 5 (asking the Court to look to motivations). Glencore's approach more resembles *Hengens* factors for assessing whether to permit a post-removal amendment to join a non-diverse defendant under 28 U.S.C. § 1447(e), which considers motive.

But to get *Hengens* or Section 1447(e), the Court would necessarily need to *second-guess* Defendants' Rule 41 dismissals, which Rule 41 and the jurisprudence interpreting same clearly disfavor. The Court should not rewrite the rules governing pre- and post-removal joinders of non-diverse parties under the guise of an exercise of discretion in whether to entertain a declaratory judgment action.

**Date:** December 13, 2021                    Respectfully submitted,

   /s/ **C. Jacob Gower, Esq.**

Korey A. Nelson, Esq.
C. Jacob Gower, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
jgower@burnscharest.com

Warren T. Burns, Esq.
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 370, Christiansted, St. Croix, USVI 00821
Telephone: (340) 777-7283
Facsimile: (888) 889-1132
pate@sunlawvi.com
SunLawVI@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2021, a copy of the foregoing was served on all counsel of record via CM/ECF.

   /s/ **C. Jacob Gower, Esq.**

C. Jacob Gower, Esq.